UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:10CV02125 AGF |
| ELITE CONTRACTING AND MANAGEMENT, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion for default judgment against Defendant Elite Contracting and Management, LLC (Doc. 8). Plaintiffs filed this action on November 9, 2010, under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132; and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Plaintiffs are three employee benefit plans (Pension Trust Fund of St. Louis, Health and Welfare Trust Fund of St. Louis, and Vacation Trust of St. Louis) for the Carpenters ("Plaintiff Funds"); the joint boards of trustees, plan sponsors, and fiduciaries of the Plaintiff Funds; and the Carpenters' District Council of St. Louis (the "Union").

The complaint alleges that Defendant failed to make contributions to the Plaintiff Funds required of it under the Collective Bargaining Agreement ("CBA") between Defendant and the Union, and has failed to forward to the Union all the union dues deducted from employees' paychecks. Under the CBA, these payments are to be made through the purchase of fringe benefit E-Stamps, and Plaintiffs allege that Defendant has failed to purchase the required fringe benefit stamps and submit the required benefits. The

complaint further asserts that in addition to the payments due, Defendant is liable for 10% annual interest on the delinquent contributions; 20% liquidated damages; attorney's fees; and court costs.

Defendant was served with the Complaint by special process server on November 16, 2010, and its Answer was due no later than December 7, 1010. The time for Defendant to file its Answer has expired and, to date, Defendant has failed to file an Answer. On January 12, 2011, Plaintiffs filed their Motion for Entry of Clerk's Default Against Defendant, and the Clerk's Entry of Default was entered on January 13, 2011.

On January 17, 2011, Plaintiffs filed the present motion for default judgment against Defendant for the delinquent contributions due to the Plaintiff Funds for the period of March 27, 2010 through July 10, 2010, in the total amount of $87,804.63; the interest on such delinquent contributions in the amount of $6,228.78; and liquidated damages in the amount of $17,560.93. Plaintiffs further seek $340.00 in attorney's fees, and $529.75 in costs, consisting of the filing fee and cost of service of the summons and complaint by a special process server. Defendant has not filed a response to Plaintiffs' motion within the time allowed.

The liability of a defendant is established upon entry of default, and thus, once default is entered, the plaintiff is not required to establish its right to recover. Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973) (stating that on establishment of default, "the defendant has no further standing to contest the merits of plaintiff's right to recover"); Trustees of the IBEW Local 405 Health & Welfare Fund v. Tichy Elec. Co., 2008 WL 154641, at *4-5 (N.D. Iowa Jan. 15, 2008) (applying the above principle to a case for delinquent contributions under ERISA and LMRA). Thus, the only issue before the Court is the amount of damages owed by Defendant to Plaintiffs. See

Tichy Elec. Co., 2008 WL 154641, at *4; Flynn v. Williams Masonry, 233 F.R.D. 176, 177 (D.D.C. 2005), amended on other grounds, 444 F. Supp. 2d 221 (D.D.C. 2006).

In an ERISA case, the court has the discretion to determine damages based on "detailed affidavits or documentary evidence." Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citation omitted). When a court enters judgment against a defendant for contributions owed under a CBA, ERISA provides that the court shall award the plan (1) the unpaid contributions, (2) the interest on the unpaid contributions, (3) the greater of the amount of interest on the unpaid contributions or the amount of liquidated damages provided for under the plan, not in excess of 20 percent of the amount of unpaid contributions, and (4) reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2). Damages must be proven by a preponderance of the evidence. Tichy Elec. Co., 2008 WL 154641, at *5.

Upon review of the record, the Court concludes that Plaintiffs have provided appropriate records and affidavits in support of awards for the delinquent contributions due the Plaintiff Funds and Local No. 562 (Docs. 8-2, 8-3, 8-4, 8-5), for interest on these delinquent contributions through May 2010 (Docs. 8-2, 8-5), for liquidated damages on the contributions due to the Plaintiff Funds (Docs. 8-2, 8-5), and for attorney's fees and costs (Doc. 8-1).

The Court also concludes that the attorney's fees requested are reasonable, at a billing rate of $170.00 per hour for a total of 1.2 attorney hours, and $80.00 per hour for a total of 1.7 legal assistant hours, for a total of $340.00 in attorney's fees. With regard to the requested costs, the Court will award Plaintiffs $529.75 in costs consisting of the filing fee and cost of service of the summons and complaint by a special process server.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment is **GRANTED** [Doc. 8].

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiffs $87,804.63 in contributions due to Plaintiffs Funds for the period of March 27, 2010 through July 10, 2010, plus interest on such contributions in the amount of $17,560.93, plus liquidated damages in the amount of $6,228.78.

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiffs costs of $529.75, plus attorney's fees in the amount of $340.00.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to serve a copy of this Memorandum and Order on Defendant Elite Contracting and Management, LLC.

A separate Default Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2011.